In the Matter of VINCENT AUFIERI (Also Known as VINCENT E. AUFIERI), an Attorney, Respondent.

ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 5, 1944.

*Einar Chrystie* for petitioner.

No appearance for respondent.

*Per Curiam.* An Official Referee has reported that the charge that the respondent was guilty of professional misconduct has been fully sustained by the evidence. There is no dispute about the facts.

The respondent was retained by Mrs. Maria Alcaro to prosecute an action for divorce against her husband, Albina Alcaro. It was agreed that the respondent's fee of $150 was to be paid by Mr. Alcaro. Thereafter Mr. Alcaro paid $50 on account of such fee. On several occasions the respondent represented to Mr. Alcaro that the case was on the calendar awaiting trial. In a letter dated July 24, 1942, the respondent stated that the case was on the trial calendar awaiting its turn to be called for trial. On December 18, 1942, Mr. Alcaro wrote the respondent inquiring the name of the court in which the case was pending and the calendar number of the case. Mr. Alcaro received no reply to that letter. He then filed a complaint with the petitioner.

The respondent, in answer to a request by the petitioner for the facts in the case, stated that his client had instructed him to hold the divorce action in abeyance until such time as she saw fit to commence it. He admitted that an action had not been commenced but denied he had made any representations to Mr. Alcaro that an action had been commenced. When confronted with his letter of July 24, 1942, however, he admitted having made such false representations.

On the hearings before the Official Referee the respondent, in attempted explanation of his conduct, testified that Mrs. Alcaro, his client, had requested him to tell Mr. Alcaro that the case had been put on the calendar. She told the respondent that she wanted her husband to believe she was " going ahead " with the matter, fearing that if he knew no action had been instituted he would discontinue weekly payments of ten dollars which he was then making to her. The respondent further testified that in acceding to her request he took into consideration the fact that there was a child involved and that Mrs. Alcaro had no other means of support. In this testimony he is corroborated by Mrs. Alcaro.

In his report, the Official Referee directs attention to the fact that the respondent was entirely truthful in his testimony before him. He added that, in his opinion, the misrepresentations to Mr. Alcaro were due to " his zeal and the belief that he was best serving the interests of his client."

Although the respondent's interest in the welfare of his client may account, in part, for his misconduct, it should be noted that by means of his misrepresentations he induced Mr. Alcaro to make an additional payment to him on account of his fee.

The respondent should be suspended for six months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MARTIN, P. J., TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Respondent suspended for six months.